UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JAMES B. EVERTS,

Plaintiff,

v.

HENNEPIN COUNTY DEPARTMENT OF ECONOMIC ASSISTANCE, HENNEPIN COUNTY MEDICAL CENTER, HENNEPIN FACULTY ASSOCIATES, VICKI ALDRIDGE, R.N., A.N.P., and ROSE HOWELL,

Defendants.

Civil No. 01-2282 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The matter is presently before the Court for review of Plaintiff's pro se Complaint and application for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

## I. BACKGROUND

Plaintiff is attempting to sue various agencies and employees of Hennepin County, Minnesota. As far as the Court can tell, Plaintiff is claiming that Defendants have, in various ways, obstructed his efforts to obtain medical care. He alleges that some of the Defendants have refused to acknowledge that he is entitled to free (or reduced-fee) medical care because he is indigent. Some Defendants allegedly have imposed arbitrary

JAN 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

conditions on Plaintiff's efforts to obtain medical care, (e.g., sending him to "a remote post office general delivery facility" to obtain necessary paperwork), while other Defendants allegedly have treated him with "ill will," "malice," "derisiveness," "sarcasm," and "a patronizing attitude," when he has sought medical care. (Complaint, [Docket No. 1], ¶s 5 and 7.) Still other Defendants allegedly have provided inadequate or improper medical care for Plaintiff's medical needs. (Id., ¶s 11, 15, 16 and 22.)

Defendants Hennepin County Department of Economic Assistance, ("HCDEA"), and Rose Howell allegedly cancelled Plaintiff's health insurance coverage without proper cause, encouraged Plaintiff to conduct himself in a way that would prevent him from obtaining gainful employment, created false medical reports about Plaintiff, and made Plaintiff's medical records available to anyone with "access to the county computer systems." (Id., ¶s 10-13.)

Plaintiff is attempting to bring numerous causes of action in this lawsuit, including breach of contract, battery, invasion of privacy, defamation, medical malpractice, infliction of emotional distress, and "conspiracy." He also alleges that Defendants have deprived him of his constitutional rights under the First Amendment (free speech), the Sixth Amendment (right to counsel), and the Fourteenth Amendment (equal protection). He is seeking both compensatory and punitive damages, as well as an order that would protect him from future "retaliat[ion]" at the hands of Defendants.

**II. DISCUSSION**

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which

must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

In this case, even with the benefit of liberal construction that is required in pro se matters, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's Complaint does not state any claim that can be entertained in federal court. The allegations in the Complaint might support a state law claim, based on some tort or breach of contract theory, but there are no factual allegations that would support any type of claim based on federal law. In reaching this conclusion, the Court has not overlooked Plaintiff's references to the First, Sixth, and Fourteenth Amendments to the United States Constitution. However, Plaintiff has not alleged any facts that would support any claim under any of those Amendments.

Plaintiff alleges that his First Amendment right to free speech was violated because Defendant Howell allegedly told him that he could not question the legality of Defendants' actions. Even if Defendant Howell did make such a statement, however, there are no factual allegations suggesting that Plaintiff has actually been prevented or inhibited from saying whatever he may have wanted to say. Therefore, his Complaint does not state an actionable First Amendment claim.

Plaintiff further alleges that Defendants violated his Sixth Amendment right to counsel because they told him he could not act as his own attorney. This claim also fails. The Sixth Amendment applies only to criminal matters, (see Austin v. United States, 509 U.S. 602, 608 (1993) ("[t]he protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions'"), and there is no indication that Plaintiff has ever been subjected to any criminal prosecution that might be pertinent to the present lawsuit.

Furthermore, there are no facts suggesting that Defendants actually prevented Plaintiff from acting as his own attorney, in any court proceeding or otherwise. Therefore, Plaintiff has not stated any possible cause of action based on the Sixth Amendment.

Finally, Plaintiff claims that Defendants somehow violated his Fourteenth Amendment right to equal protection. Again, however, there are no factual allegations to support such a claim. The Complaint includes no facts suggesting that Plaintiff belongs to any particular class or group of people, and it includes no facts suggesting that Defendants treated Plaintiff differently because he belonged to some particular class or group of people. See Keevan v. Smith, 100 F.3d 644, 648 (8th Cir. 1996) (equal protection claimants "must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because [the claimants] belong to a particular protected class"); Hedges v. Poletis, 177 F.3d 1071, 1075 (8th Cir. 1999) ("it is unlawful for state officials to discriminatorily enforce the laws against a disfavored class of persons solely on the basis of their membership in that class"). Therefore, Plaintiff has also failed to state any possible equal protection cause of action.

Because Plaintiff has not alleged any viable claim for relief based on federal law, federal subject matter jurisdiction is missing in this action.[1] The action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). It will be recommended that this action be dismissed without prejudice, however, so that Plaintiff will still have the opportunity to

---

[1] Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because it clearly appears from Plaintiff's submissions that he and the named Defendants are all residents of Minnesota.

pursue his state law claims in the Minnesota state courts.[2] Lastly, it will be recommended that Plaintiff's IFP application be denied, because he has failed to state a cause of action that can properly be entertained in federal court. See 28 U.S.C. § 1915(e)(2)(B).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3); and

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated: January 18, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 4, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] This does not mean that Plaintiff actually appears to have a viable state law claim. Indeed, if he were to file his current pleading in the state court, it probably would not survive a motion to dismiss. If Plaintiff elects to pursue a lawsuit in state court, he will have to provide a much clearer explanation of the facts on which his claims are based.